UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| STEVEN FALCK AND JANE M. FALCK, | ) )  ) | CASE NO.  5:05 CV 2330 |
| Plaintiffs, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., | ) ) | AND ORDER |
| Defendants. | ) | |

On October 3, 2005, pro se plaintiffs Steven and Jane M. Falck ("the Falcks") filed this action against defendants United States of America and Key Bank.  In their complaint, the Falcks allege that the defendants illegally seized their personal property under color of law, engaged in mail fraud, constructive fraud, misrepresentation of material facts, conspiracy to defraud and taking of private property for public use without justification.  They maintain that the defendants' actions violated their Fourth, Fifth, Ninth, Tenth, Fourteenth and Sixteenth Amendment rights in the Constitution.   They seek actual and compensatory damages.

The Falcks also filed an Application for Preliminary Injunction and Temporary Restraining Order with their complaint. [Dkt.#3] They seek an order from this court restraining the

defendants "from seizing Plaintiffs' personal property without the statutory [sic] required court order." (App. Pre. Inj. at 1.) The Application is denied and this matter is dismissed for the reasons set forth below.

*Background*

Steven and Jane Falck are a husband and wife who reside in Uniontown, Ohio. On or about August 8, 2005, the Falcks "were noticed of a non-judicial administrative document titled 'Form 668-A(c) 'Notice of Levy,' bearing the stamped signature R.M. Owens, Operations Manager, Collections." (Compl. at 8.) The Notice was dated August 8, 2005 and "appears to reflect the Department of the Treasury - Internal Revenue Service as the entities endorsing this fraudulent collections activity." (Compl. at 8.)

In a letter dated August 16, 2005, Key Bank notified the Falcks that a total of $29,001.44 was seized from five bank accounts under their name.[1] They allege that

> to the best of our knowledge, [we] are not in default, do not have contract, agreement, or any other debt relationship with Defendants, the UNITED STATES, UNITED STATES OF AMERICA, Department of Treasury, Treasury Department, the Internal Revenue Service, the Federal Reserve or KEYBANK, nor does [sic] Plaintiffs believe any such evidence exists.

(Compl. at 8.)

The Falcks attempted to withdraw funds from an automated teller machine on or about August 18, 2005 in Hartsville, Ohio, but discovered that "funds were frozen and/or seized as reflected on a teller receipt that indicated a Levy/Writ." (Compl. at 8.) It is based on these facts that

---

[1]The Falcks state that "KEYBANK, issued a notice dated August 16, 2005, approximately seven days later." (Compl. at 7.)

the plaintiffs now seek relief from this court.

*Analysis*

In their complaint before the court, the Falcks proffer the following seven causes of action:

    i.    Defendants in their Commercial Scheme Imposed a Bill of Attainder to Deprive Plaintiffs of Personal Property in violation of the Constitution.

    ii.    Defendants in their Commercial Scheme Used an Administrative Procedure to Deprive Plaintiff of Personal Property in Violation of Amendments IV and XIV of the Constitution.

    iii.    Defendants Have Deprived Plaintiffs of Their Personal Property Rights in Violation of Article IX of the Constitution.

    iv.    Defendants Have Deprived Plaintiffs of Their Personal Property in Violation of their Limited Statutory Authority and Article X of the Constitution.

    v.    Defendants Have Deprived Plaintiffs of Their Personal Property in Violation of Article X of the Constitution

    vi.    Defendants Have Deprived Plaintiffs of Their Labor Property in Violation of Article V of the Constitution

    vii.    Defendants are Habitual Offenders of the Sixteenth Amendment to the Constitution for the United States of America and the United States Supreme Court.

The Falcks aver that this court has original jurisdiction over their complaint pursuant to 28 U.S.C. § 1331, 1340 and 26 U.S.C. § 6330 and 7429.  They are seeking a determination of the validity of "an administrative Notice of Levy held by Defendants to seize Plaintiff's personal property."  It is their position that the United States waived sovereign immunity when it sought to "foreclose on the property by way of non-judicially administratively seizing Plaintiff's personal property under the provisions of 26 U.S.C. § 6331 et seq." (Compl. at 3.)  They cite Hussian v.

Boston Old Colony I.N.S.. Co., 311 F.3d 623, 629–31 (5th Cir. 2002) in support of their proposition. Finally, the Falcks maintain that the "Notice of Levy is administratively defective and statutorily invalid, in violation of the Federal Constitution, *nunc pro tunc*."(Compl. at 3.)

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

*Civil Rights Violations*

To the extent the Falcks seek redress for alleged constitutional violations committed by the I.R.S. and its employees, they cannot avoid summary dismissal. The United States, as the real party to this suit, enjoys sovereign immunity. See United States v. Sherwood, 312 U.S. 584, 586 (1941) (explaining that, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of the consent to be sued in any court define that court's jurisdiction to entertain the suit"). Because a waiver of the Government's sovereign immunity must be "unequivocally expressed" to be effective, absence of this express waiver subjects the Falcks'

4

constitutional claims to dismissal. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95 (1990)("waivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed.'") (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980), and United States v. King, 395 U.S. 1, 4 (1969)).

The United States has not consented to suit for alleged violations of constitutional rights. See Jaffee v. United States, 592 F.2d 712, 717-18 (3d Cir.1979). Accordingly, plaintiffs' constitutional claims against the United States for the actions of the I.R.S. and its employees are dismissed.

*Lack of Subject Matter Jurisdiction*

The Anti-Injunction Act specifically prohibits courts from exercising jurisdiction over a suit "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). The purpose of the Anti- Injunction Act is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." J.L. Enochs v. Williams Packing & Navigation Co, 370 U.S. 1, 7 (1962)(emphasis added).

The Falcks argue that they are not prohibited by the Anti-Injunction Act because they "are not seeking to restrain the lawful assessment or collection of any internal revenue tax, but dispute the unlawful seizure of their personal property." (Compl. at 5.) They seek protection under "the exception clause of the Anti-Injunction Act for failure to offer Plaintiffs an opportunity for and [sic] administrative hearing prior to the issuance of the Notice of Levy in violation of IRC § 6330(e)(1)." Accepting the truth of the facts alleged, the Falcks are still foreclosed from seeking relief from this court. (Compl. at 5.)

5

First, contrary to the terms in which the Falcks characterize the Anti-Injunction statute, its purpose is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention." 26 U.S.C. 7421(a). Therefore, the fact that the Falcks dispute any existing obligation to pay taxes is exactly the kind of conflict which this court cannot resolve based on the facts alleged. Thus, any attempt to sue the government for a refund of taxes improperly collected cannot proceed.

Secondly, federal statutory remedies foreclose a damage action under Bivens for a purportedly unconstitutional collection of taxes. Wages v. I.R.S., 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991). Under § 6330 of the Tax Code, the I.R.S. must notify a taxpayer of his right to request a Collection Due Process (CDP) hearing at least 30 days before a levy is made; the taxpayer then has 30 days from the date of the notice to request a CDP hearing. 26 U.S.C. § 6330(a). Section 6330(d)(1) allows the taxpayer to seek judicial review of a notice of determination following a CDP hearing. The taxpayer may appeal to the Tax Court if the underlying taxes are among the types of taxes that the Tax Court generally has jurisdiction to review, such as income taxes. 26 U.S.C. § 6330(d)(1); Goza v. Comm'r, 114 T.C. 176, 181, 2000 WL 283864 (2000). Otherwise, the taxpayer may appeal to a federal district court. 26 U.S.C. § 6330(d)(1).

If the taxpayer does not make a timely request for a CDP hearing, the Commissioner may hold an "equivalent hearing," rather than a CDP hearing. 26 C.F.R. § 301.6330-1(i). An equivalent hearing generally follows the same procedures as those used for CDP hearings except that the resulting decision is not subject to judicial review, either by the Tax Court or a federal district court. Id. See also Fabricius v. United States, 2002 WL 31662301, at *2 (E.D.Cal.2002); Moorhous v. Comm'r, 116 T.C. 263, 270, 2001 WL 406389 (2001); Kennedy v. Comm'r, 116 T.C. 255, 263,

2001 WL 406385 (2001).

Therefore, the statute provided the Falcks an opportunity to seek redress through a CDP hearing or an equivalent hearing. See Fishburn v. Brown, 125 F.3d 979, 982-83 (6th Cir.1997)(available statutory remedies satisfy the dictates of due process). Inasmuch as this is not an appeal from a CDP hearing, this court cannot otherwise exercise subject matter jurisdiction.[2]

*Third Party Liability*

Federal law places a tax lien in favor of the Government upon "all property and rights to property, whether real or personal, tangible or intangible" of a taxpayer who fails to pay taxes due and owing after assessment and demand. 26 C.F.R. § 301.6321-1; accord 26 U.S.C. §§ 6321-22. The reach of a federal tax lien is broad.

The I.R.S. begins the levy process "by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy." 26 C.F.R. § 301.6331-1(a)(1) The I.R.S. executes a levy upon tangible property through (1) notice of levy, and (2) seizing, posting, or tagging the property. See G.M. Leasing Corp. v. United States, 429 U.S. 338, 350 (1977). The I.R.S. effectuates a levy upon intangible property, that is to say property which is not subject to physical seizure, posting, or tagging, such as mutual fund shares, see Baum v. Investors Diversified Serv., Inc., 409 F.2d 872, 875 (7th Cir.1969) (redemption right in mutual fund shares constitutes intangible property interest), by the sole act of serving notice of levy upon the third party holding the property. See G.M. Leasing Corp., 429 U.S. at 350. Upon service of the

---

[2] With respect to plaintiffs' request for declaratory relief, they are similarly foreclosed. The Declaratory Judgment Act, 28 U.S.C. § 2201, specifically excludes suits seeking to interfere with the assessment or collection of federal taxes. Sorenson v. Secretary of Treasury of the United States, 752 F.2d 1433, 1437 (9th Cir.1985), aff'd, 475 U.S. 851 (1986).

7

notice of levy, the I.R.S. "steps into the shoes of the taxpayer and acquires 'whatever' rights to the property the taxpayer possessed." United States v. Bell Credit Union, 860 F.2d 365, 369 (10th Cir.1988). To that end, the Tax Code mandates that:

> [A]ny person in possession of (or obligated with respect to) property or rights to property subject to levy upon which levy has been made shall, upon demand ... surrender such property or rights (or discharge such obligation) ... except such part of the property or rights, as is, at the time of such demand, subject to attachment or execution under any judicial process.

26 U.S.C. § 6332(a). Any party failing to honor a federal tax levy is liable for a sum equal to the value of the property plus interest and costs. 26 U.S.C. § 6332(c)(1). If the failure to surrender the property is without reasonable cause, the third party may incur a 50% penalty as well. Id. § 6332(c)(2).

Considering the statute's unambiguous directive, Key Bank's compliance with federal law does not violate the plaintiffs' civil rights. The Falcks have failed to state any basis in law upon which defendant Key Bank has violated their rights in contravention of existing case law or statute.

Because this court lacks subject matter jurisdiction over the plaintiffs' tax refund claims, the court cannot address those claims on the merits. Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir.1985) cert. denied, 476 U.S. 1183 (1986)(a judge ordering a dismissal based upon lack of subject matter jurisdiction "retain[s] no power to make judgments relating to the merits of the case.") Therefore, the Falcks are not foreclosed from pursuing any available remedies with respect to a refund from the I.R.S.

Based on the foregoing, this action is dismissed based on a lack of subject matter jurisdiction. Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from

this decision could not be taken in good faith.

       IT IS SO ORDERED.


Dated: October 19, 2005                          *s/    James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE